**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHUNEKA VASQUEZ<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-10194<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, SHUNEKA VASQUEZ ("Plaintiff"), by and through her undersigned attorney, hereby files her Complaint against Defendant, HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS ("Defendant"), and in support thereof, states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12112 of the United States Code ("ADA") for Defendant's unlawful refusal provide Plaintiff with a reasonable work accommodation due to her disability.

2. Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 12112.

3. Venue in this district is proper under 28 U.S.C. § 1391(b). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

4. All conditions precedent to jurisdiction have occurred or been complied with, to-wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") by Plaintiff on or around May 30, 2024, which a copy is attached hereto and incorporated herein as **Exhibit A**. Plaintiff was issued a Notice of Right to Sue (Conciliation Failure) by the EEOC on or around June 22, 2026 - which a copy is attached hereto and incorporated herein as **Exhibit B** – and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

5. Plaintiff is a citizen of the United States and State of Illinois, and Plaintiff resides in the State of Illinois.

6. At all times relevant, Plaintiff was employed by Defendant. Plaintiff remains employed by Defendant as of the filing of this Complaint.

7. Defendant, whose address is 300 E. Randolph St., Chicago, Illinois 60601, is a Mutual Legal Reserve Company specializing in health care insurance and, at all times material to the allegations in this Complaint, was doing business in and for Cook County, Illinois.

## FACTUAL BACKGROUND

8. Plaintiff began her employment with Defendant on or around September 22, 2011.

9. Since commencement of her employment with Defendant, Plaintiff has received several promotions, with her most recent position being a Senior IT Quality Analyst.

10. Defendant was and is an "employer" as defined by 42 U.S.C. § 12111(5) of the ADA.

11. Defendant was and is a "covered entity" as defined by 42 U.S.C. § 12111(2) of the ADA.

12. Plaintiff was and is an "employee" of Defendant as defined by 42 U.S.C. § 12111(4) of the ADA.

13. Throughout her employment with Defendant, Plaintiff's job performance exceeded expectations, whereby Plaintiff received four promotions.

14. Plaintiff suffers from anxiety disorder and post-traumatic stress.

15. Despite her disability, Plaintiff was qualified to perform the essential functions of her job.

16. Due to Plaintiff's disability, Plaintiff would need a quiet, private and stable work environment to perform essential functions of her job, as recommended by her therapist.

17. Plaintiff is a "qualified individual" as defined under the Americans with Disabilities Act (ADA), as amended.

18. On or around November 7, 2019, Plaintiff requested a reasonable accommodation to work remotely full-time due to the physical and mental limitations caused by her disability. Plaintiff then submitted additional documentation from her physician in support of her request.

19. On or around December 2, 2019, Defendant provided Plaintiff with a letter granting her request for a reasonable accommodation, that Plaintiff can work from home. A copy of such December 2, 2019 letter is attached hereto and incorporated herein as **Exhibit C**.

20. In or around 2020, due to the Covid-19 pandemic, Defendant moved its employees to remote work.

21. On or around April 24, 2022, Defendant promoted Plaintiff to Senior IT Quality Analyst, due to Plaintiff's successful work performance, which she was performing while under her reasonable accommodation to work from home.

22. On or around July 31, 2022, Defendant placed Plaintiff on the return to office work list, despite Plaintiff maintaining an active approved reasonable accommodation to work from home due to her disability.

23. On or around August 2023, Plaintiff's manager, Atif Agha, informed Plaintiff that leadership was requiring her to recertify her reasonable accommodation.

24. Defendant then requested to certify her reasonable accommodation to work from home.

25. On or around November 16, 2023, despite Defendant's disability and already having the reasonable accommodation to work from home due to her disability, Defendant sent Plaintiff a notice denying her reasonable accommodation request to work from home. A copy of the November 16, 2023 denial is attached hereto and incorporated herein as **Exhibit D**.

26. Plaintiff appealed Defendant's denial to recertify Plaintiff's reasonable accommodation to work from home, and on or around December 7, 2023, Defendant sent Plaintiff a notice again denying her reasonable accommodation request to work from home. A copy of the December 7, 2023 denial letter is attached hereto and incorporated herein as **Exhibit E**.

27. Due to Defendant's denial of Plaintiff's reasonable accommodation request to work from home – a request which Defendant previously granted – Plaintiff was forced to return to work in-person at the office at the beginning of 2024.

28. Defendant permitted other similarly situated employees, such as Kimberly Marshall and Oleg Cosiuc, to continue working remotely while denying Plaintiff's request for the same, reasonable accommodation.

29. Before Plaintiff returned to work in-person, Plaintiff had always received positive evaluations, mostly 4's (exceeds expectations) and had no write-ups, and this was even during her time while working from home due to her previously granted accommodation.

30. However, after Defendant denied Plaintiff's recertification request of her reasonable accommodation and forced Plaintiff to return to work in-person, the work environment deteriorated.

31. In a Microsoft Teams group chat exchange amongst leadership on or around February 13, 2024, Senior Manager Jaggi Shankarappa made unprofessional and undermining comments about Plaintiff's ability to do her job. Plaintiff became extremely upset and embarrassed, suffering an anxiety attack. Plaintiff further immediately reported such conduct to her Manager Atif Agha, and due to her anxiety and distress, Plaintiff stayed home the following day.

32. On or around April 2, 2024, after formally being introduced to Jaggi Shankarappa by Manager Ramani Gogula, the interaction triggered additional emotional distress in which the Plaintiff began working from home.

33. On or around October 8, 2024, Defendant provided Plaintiff with a written warning regarding her office attendance, furthering threatening Plaintiff that failure to comply may result in termination. A copy of the October 8, 2024 warning is attached hereto and incorporated herein as **Exhibit F**.

34. On or around May 29, 2025, Plaintiff suffered another severe episode of emotional distress during a Microsoft Teams meeting with Manager JeTaun Dyson, and other coworkers. Plaintiff was asked how things were going with work. While responding, Plaintiff became visibly emotional and began crying on camera as she described the ongoing impact that the Defendant's

actions had on her ability to work and her mental health. The incident further demonstrated the continuing emotional and psychological harm the Plaintiff experienced as the result of Defendant's denial of her previously approved reasonable accommodation and the events followed.

35. Defendant systematically retaliated against Plaintiff for engaging in protected activity under the Americans with Disabilities Act (ADA) by penalizing Plaintiff's performance ratings and financial compensation. Throughout calendar year 2023, Plaintiff maintained an approved ADA accommodation and fully complied with all company recertification requirements, a process that the company delayed until December 2023.

36. In direct retaliation for utilizing this protected medical accommodation rather than strictly adhering to standard in-office attendance mandates, Defendant repeatedly docked Plaintiff's compensation and reviews. Specifically, during a performance review call in March 2024 for the 2023 review period, Manager Atif Agha informed Plaintiff that she would have received a higher merit increase and API bonus had she adhered to their in-office policy. This pattern of retaliation continued into the following year when, during a performance review call in March 2025 for the 2024 review period, Manager JeTaun Dyson explicitly stated that Defendant mandated a lower performance rating of a "3" specifically because Plaintiff did not adhere to the in-office policy.

37. Further, on or around November 16, 2023, Brittney Huff of HR stated to Plaintiff that other employees with more severe disabilities were also required to return to the office.

38. Upon the EEOC finding reasonable cause to believe that violations occurred, as a broader change to Plaintiff's department, Defendant changed Plaintiff's role to a telecommuter position along with other employees.

39. Plaintiff has been injured by Defendant's conduct, through having to work in-person at the office, due to Defendant's refusal to recertify and grant Plaintiff's reasonable accommodation request to work from home due to her disability

**COUNT I**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

42. Plaintiff met or exceeded performance expectations.

43. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

44. Defendant retaliated against Plaintiff in her employment on the basis of Plaintiff's disability.

45. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

46. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

49. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully alleged herein.

50. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

51. Defendant knew or should have known of the harassment.

52. The disability-based harassment was severe or pervasive.

53. The disability-based harassment was offensive subjectively and objectively.

54. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

57. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully alleged herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

59. Plaintiff is a qualified individual with a disability.

60. Defendant was aware of the disability and the need for accommodations.

61. Defendant did not in good faith engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

62. Plaintiff's reasonable accommodations that were requested was not an undue burden on Defendant, as further shown through the Defendant granted the same accommodations in the past.

63. Defendant did not accommodate Plaintiff's disability.

64. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

67. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully alleged herein.

68. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

69. During Plaintiff's employment with Defendant, Plaintiff engaged in protected activity, including but not limited to, requesting reasonable accommodations for her disability, utilizing approved accommodations such as working remotely full-time, and reporting harassment.

70. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

71. In response, Defendant failed to in good faith engage in the interactive process and created a hostile work environment.

72. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained by Plaintiff.

73. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff protected activity of requesting accommodations, utilizing approved accommodations, and reporting disability-based harassment, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

74. Plaintiff suffered adverse employment action in retaliation for engaging in protected activity.

75. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Americans with Disabilities Act.

b. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the discriminatory practices of Defendant;

c. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

d. Award Plaintiff compensatory damages for the injuries that she has sustained;

e. Award Plaintiff punitive damages for Defendant's willful conduct; and

f. Grant such other relief as may be just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Respectfully submitted:

Dated: August 24, 2026

/s/ Jordan Greenberg__________
Jordan Greenberg
Attorney for Plaintiff

JORDAN GREENBERG, #6317423
Law Office of Jordan Greenberg
100 S. Saunders Road, Suite 150
Lake Forest, IL 60045
Office: (847) 826-7825
Fax: (847) 589-1556
JG@JGLawOffice.com

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | **440-2024-02093** |
| FEPA | |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Shuneka Vasquez | 312-834-2534 | 1981 |

Street Address

221 S Leavitt St Apt 1

CHICAGO, IL 60612

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Blue Cross Blue Shield of Illinois | 501+ Employees | |

Street Address

300 E Randolph St

CHICAGO, IL 60601

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability | 11/01/2023 | 05/29/2024 |
| | Continuing Action | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about September 22, 2011. My current position is Senior IT Quality Analyst. During my employment, I disclosed my disability to Respondent and requested a reasonable accommodation, which was approved and later denied.

I believe that I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally Signed By: Shuneka Vasquez**

**05/30/2024**

*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/22/2026

**To:** Shuneka Vasquez
18664 Laramie Rd
COUNTRY CLUB HILLS, IL 60478
Charge No: 440-2024-02093

EEOC Representative and email: CLAIRE GREBNER
INVESTIGATOR
CLAIRE.GREBNER@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (CONCILIATION FAILURE)

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2024-02093.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
06/22/2026

Amrith Kaur Aakre
District Director

**Cc:**

Jill Vorobiev
Morgan Lewis & Bockius LLP
110 North Wacker Drive Suite 2800
Chicago, IL 60606

Lexi Gonzales
1001 E LOOKOUT DRIVE
Richardson, TX 75082

AJ Lopez
1001 E LOOKOUT DR
Richardson, TX 75082

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2024-02093 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2024-02093 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

-  **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
-  In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
-  **Only one** major life activity need be substantially limited.
-  Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **“episodic”** (e.g., epilepsy, depression, multiple sclerosis) or **“in remission”** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**“Regarded as” coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- “Regarded as” coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a “regarded as” claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the “regarded as” definition of “disability.”

***Note:*** *Although the amended ADA states that the definition of disability “shall be construed broadly” and “should not demand extensive analysis,” some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT C

HCSC
Health Care Service Corporation

Ask HR Case 199412

December 2, 2019

Dear Shuneka Vasquez,

As requested, on 12/2/19, you submitted additional documentation from your physician to support your request to enable you to perform your job as a Test Analyst. Specifically, you requested a work from home accommodation for up to 5 days per week.

Starting on the date of your request, HCSC engaged in an interactive dialogue with you to determine how best to assist you in performing the essential functions of your job. Through that collaborative interactive process, HCSC determined that it could accommodate your request to work from home. If you have any questions regarding attendance at required departmental training or meetings, please contact your manager.

Your accommodation may be subjected to recertification to confirm ongoing need and revisit any alternative reasonable accommodations HCSC can offer. I have copied your supervisor for reference. Please note that you are still required to meet the performance and attendance expectations associated with your role.

As a reminder, Family Medical Leave Act (FMLA) may be utilized as a resource for absences due to periods of incapacitation and/or medical appointments if you need to take time off of work due to your medical condition. You can open a claim with our FMLA provider, FMLA Source, by calling 1-866-900-4272 or by visiting their website, www.dearborn.absencemgmt.com Other information can also be found on FYI Blue> myHR> Work & Life> Leaves of Absence> FMLA (Family & Medical Leave).

Sincerely,

Lori Russell
Workforce Engagement Consultant
Email: Lori_Russell@bcbsil.com

Cc: Jetaun Dyson, Sr. Manager Resource Development.

# EXHIBIT D

HCSC Health Care Service Corporation

November 16th, 2023

Dear Shuneka,

You requested a workplace accommodation on 08/22/23, to work as a 100% telecommuter as a workplace accommodation in your role as a Sr IT Quality Analyst. HCSC is committed to providing reasonable accommodations to help otherwise qualified employees perform their essential job functions. Additionally, we have an obligation to engage in the interactive process, which HCSC has done. However, after careful and thorough review of medical documentation, the requests outlined, the law, enterprise policy and enterprise HR practice, as indicated above, we cannot authorize these requested accommodations including your request to work as a 100% telecommuter. HCSC can authorize reasonable alternative accommodations to support you during this time which include:

- Use of private huddle/focus room for periods of exacerbation or flare ups.
- As an exempt employee, you may take breaks as needed to step away from your workstation. You must adhere to your normal schedule and required hours per week.
- We can work with Facilities to determine if a designated workspace can be offered where neighborhood seating is currently in place.

As a reminder, if eligible and you are approved/authorized, Family Medical Leave Act (FMLA) may be utilized for protected time away from work to manage periods of incapacitation and/or medical treatments or appointments. You may not work during hours for which FMLA is used. Should your condition require a continuous leave of absence, you may contact FMLA Source to determine if you are eligible for FMLA and/or Short-Term Disability or other applicable state and/or federal leaves. You can learn more HERE or call 866-900-4272. Additionally, you may utilize the Employee Assistance Program, as needed, by calling 800-327-7382 or visiting this link: EAP as well as the Employee Health and Wellness resource site: Employee Health and Wellness.

**You have rejected the alternative reasonable accommodations and maintain that the original request, listed above, is the *only* reasonable accommodation available to meet your needs and allow you to perform the essential job functions for your role.** To support this request, it will be necessary for your healthcare provider to provide a written response to the following:

1) How will the accommodation requested enable the patient to perform their essential job functions?

With Shuneka's documented disability, working as a 100% telecommuter will support her with the following.
1. Provides a controlled and less stressful environment. Current office space environment is overwhelming with distractions, loud noise, and an open floor plan with large groups of people.
2. Prevents call offs for mental health days.
3. Provides a sense of security and familiarity, reducing triggers that are present in the current office setting.
4. Allows her to focus on being an efficient worker with reduced anxiety.
5. She has proven to exceed her essential job functions since being approved for a previous ADA Accommodation 100% Telecommuter request in 2019.
She has received stellar annual reviews resulting in two promotions since then.

2) Please indicate why the alternative recommended accommodations listed above would NOT enable the employee to perform the essential job functions?

1. A huddle/focus room for "flare ups" is not a sufficient alternative accommodation for Shuneka's Chronic PTSD and anxiety disorder, as the work environment currently
poses triggers and stressors for her.

2. The huddle/focus rooms are available for limited periods of time per day. This will not address her anxiety triggered by being around large groups of people.

HCSC Health Care Service Corporation

3. To address her being an exempt employee, taking breaks as needed to step away from her workstation would not enable her to perform the essential job functions, it would actually hinder her from adhering to her normal schedule and required hours per week. As it would cause a disruption in her work routine.
4. a designated workspace where neighborhood seating is currently in place does not suffice as the atmosphere is currently an open floor plan with loud noise
and distractions.

3) Lastly, do you (the provider) have any other recommendations or alternative reasonable accommodations to suggest that have not been listed?

Quiet area/ private room to be able to reduce anxiety and stress while doing work hours (full hours and not intermettent).

Please provide a copy of this letter to your healthcare provider. You will have 10 calendar days once this letter is sent to you to obtain responses from your medical provider and attach via a new case. Please reference Case# 629575-0 when doing so.

Authorized workplace accommodation(s) under ADA are subject to further review and/or recertification to confirm ongoing need and to revisit any alternative reasonable accommodations HCSC can offer. Additionally, the authorization may require further review and/or recertification should your job role change or should your health condition change. If you have any questions or should your accommodation need change, please submit an AskHR case for assistance. A copy of this reasonable workplace accommodation is being provided to your leader for reference.

CC: Atif Agha, Sr Mgr Engineering Services

Sincerely,

Brittney Huff

Brittney Huff
Specialist WFS | Workforce Solutions | HR

Received and Signed by:

Tony Wilson

Tony D. Wilson, LCSW
Therapy Health Clinic PLLC
twilson@therapyhealthclinic.com

Main phone: 708-888-0491
Fax: 1-844-444-0221

Date Reviewed: Nov. 22, 2023

# EXHIBIT E

HCSC Health Care Service Corporation

December 7th, 2023

Dear Shuneka Vasquez,

You requested a workplace accommodation on November 22nd, 2023, to work as a 100% telecommuter as a workplace accommodation in your role as a Sr IT Quality Analyst. HCSC is committed to providing reasonable accommodations to help otherwise qualified employees perform their essential job functions. Additionally, we have an obligation to engage in the interactive process, which HCSC has done. However, after careful and thorough review of medical documentation, the requests outlined, the law, enterprise policy and enterprise HR practice, as indicated above, we cannot authorize these requested accommodation(s) including your request to work as at 100% telecommuter. HCSC can authorize reasonable alternative accommodations (***in addition to the previous accommodations authorized in a decision letter that was sent to you on November 16th, 2023***) to support you during this time which include:

- **Double ear, noise cancelling headset**. Please advise if you will be accepting this reasonable alternative accommodation as a work order will need to be placed. As stated in your case on December 5th, 2023, we are available to set up time to discuss any reasonable alternative accommodations that we have not yet explored should you or your provider have any alternative suggestions.

Your role requires that you adhere to your assigned flex schedule which does require some days in office. You may choose which three days you are onsite. Some days of the week may be less populated onsite. As a reminder, if eligible and you are approved/authorized, Family Medical Leave Act (FMLA) may be utilized for protected time away from work to manage periods of incapacitation and/or medical treatments or appointments. You may not work during hours for which FMLA is used. Should your condition require a continuous leave of absence, you may contact FMLA Source to determine if you are eligible for FMLA and/or Short-Term Disability or other applicable state and/or federal leaves. You can learn more HERE or call 866-900-4272. Additionally, you may utilize the Employee Assistance Program, as needed, by calling 800-327-7382 or visiting this link: EAP as well as the Employee Health and Wellness resource site: Employee Health and Wellness.

Authorized workplace accommodation(s) under ADA are subject to further review and/or recertification to confirm ongoing need and to revisit any alternative reasonable accommodations HCSC can offer. Additionally, the authorization may require further review and/or recertification should your job role change or should your health condition change. If you have any questions or should your accommodation need change, please submit an AskHR case for assistance. A copy of this reasonable workplace accommodation is being provided to your leader for reference.

CC: Atif Agha, Sr Manager, Engineering Services

Sincerely,

*Allison Thompson*

HCSC Health Care Service Corporation

Allison Thompson
Occupational Health Nurse | Workforce Solutions |HR

# EXHIBIT F

HCSC | Health Care Service Corporation
Human Resources

# Coaching Memo

**Date:** 10/8/2024

**To:** Shuneka Vasquez, 312881

**From:** JeTaun Dyson

**Action: Documented Coaching** **Issue: Behavior**

Hi *Shuneka,*

As discussed today, *October 8, 2024,* you were identified as a flex employee reporting to the office 1 day or less per week, outside of the minimum 3 days per week, per the HCSC Telecommuting and Flexible Work from Home Program Policy. While there may have been flexibility in the past, the expectation moving forward is that you are reporting to the office at least 3 days per week, as outlined in your flex schedule.

We agreed that your in-office days will be *anytime Monday – Friday however Tuesday and Wednesday is strongly encouraged as they are the department's identified collaboration days.* The in-office days are expected to begin immediately, starting next week, October 14th.

Management will have discretion to modify your weekly schedule for exigent circumstances. These requests will be based on the circumstances and must be approved by management.

Failure to fully comply with all requirements of policy, standards and procedures may result in revocation of WFH privileges, and may result in formal corrective action, up to and including termination.